IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18CV97

| | | |
|---|---|---|
| LORETTA SILVA and ROBERT DRAGOTTI, individually, as co-trustees of The Dragotti Investment Trust, dated February 28, 2017, and as attorneys-in-fact for Carmela Dragotti, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER |
| CAROL PAVLAK, | ) ) | |
| Defendant. | ) ) | |

This matter is before the Court upon Defendant's Motion to Compel Mediation and Arbitration. This motion is fully briefed and ripe for disposition.

The facts of this case are set forth fully in the Court's Order of October 3, 2018. Defendant seeks to compel arbitration pursuant to the following language in the Dragotti Investment Trust (the "Trust"):

> Our Trustee shall administer this trust expeditiously, consistent with the provisions of this agreement, free of judicial intervention, and without order, approval or action of any court. **If our Trustee or another interested party institutes a legal proceeding, the court will acquire jurisdiction** only to the extent jurisdiction is sought in that particular proceeding. Any proceeding to seek instruction or a court determination may only be initiated in the court having original jurisdiction over matters relating to the construction and administration of trusts. Seeking instructions or a court determination is not to be construed as subjecting this trust to the continuing jurisdiction of the court.
>
> **I request** that any questions or disputes that arise during the administration of this trust be resolved by mediation and if necessary, arbitration in accordance with the Uniform Arbitration Act. Each interested party involved in the dispute, including any Trustee involved, may select an arbiter and, if necessary to establish a majority

1

decision, the arbiters selected may select an additional arbiter. The decision of a majority of the arbiters selected will control with respect to the matter.

(Doc. No.1-1, §10.04) (emphasis added). Defendant contends that this language constitutes a mandatory arbitration clause. The Court disagrees.

A "request" to use mediation or arbitration to resolve disputes was not intended by the Trustmakers to make mediation and/or arbitration mandatory at the election of any party. Rather, the mediation/arbitration provision in the Trust was intended to empower the Trustee to decide whether to initiate mediation/arbitration or a legal proceeding. Here, the Plaintiffs, who are the Successor Co-Trustees of the Trust, have elected to institute a legal proceeding instead of mediation and/or arbitration. The Trust does not give the beneficiaries of the Trust the right to second guess the Trustees' decision. Based on the language of the Trust and Plaintiffs' decision as Co-Successor Trustees to file this dispute in federal court, this Court acquired and will retain jurisdiction over the case.

IT IS THEREFORE ORDERED that the Defendant's Motion to Compel Mediation and Arbitration is hereby DENIED.

Signed: January 24, 2019

Graham C. Mullen
United States District Judge